UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DOMINIQUE CALLOWAY,
Plaintiff,
v.
CITY AND COUNTY OF SAN FRANCISCO,
Defendant.

Case No. 26-cv-02148-KAW

**ORDER GRANTING MOTION FOR MORE DEFINITIVE STATEMENT**

Re: Dkt. Nos. 12

On March 11, 2026, Plaintiff Dominique Calloway filed the instant action against Defendant City and County of San Francisco, alleging that Defendant's officers violently assaulted her. (Compl., Dkt. No. 1.) Pending before the Court is Defendant's motion for a more definitive statement. (Def.'s Mot. for Definitive St., Dkt. No. 12.) Specifically, Defendant seeks clarification as to whether Plaintiff's first claim for excessive force is brought under the Fourteenth Amendment (as stated in the complaint) or the Fourth Amendment. (*Id.* at 3.)

On July 1, 2026, Plaintiff filed a statement of non-opposition, acknowledging that the first claim was mistakenly titled as a violation of the Fourteenth Amendment instead of the Fourth Amendment. (Pl.'s Opp'n at 2.) Plaintiff thus requested leave to amend to make the necessary corrections. (*Id.*) On July 14, 2026, the parties filed a stipulation, stating that the parties had agreed Plaintiff would file an amended complaint by July 17, 2026. (Dkt. No. 17.) To date, however, Plaintiff has not filed the amended complaint.

The Court deems this matter suitable for disposition without a hearing pursuant to Civil Local Rule 7-1(b), and GRANTS Defendant's motion for a more definitive statement. The Court ORDERS Plaintiff to file a corrected complaint within **seven days** of the date of this order. The amendment shall be limited to correcting this error.

United States District Court
Northern District of California

United States District Court
Northern District of California

The Court notes that Defendant informed Plaintiff's counsel of this mistake on May 26, May 29, and June 4, 2026. (Giarratano Decl. ¶¶ 2-4, Dkt. No. 12-1.) Plaintiff's counsel did not respond, yet admits in the statement of non-opposition that a mistake was made. Plaintiff then stipulated to file the amended complaint by July 17, 2026 but failed to do so, necessitating this order. Going forward, Plaintiff's counsel shall be mindful of the Guidelines for Professional Conduct, including its admonition that "[a] lawyer should not engage in conduct that forces opposing counsel to file a motion that he or she does not intend to oppose." (N.D. Cal. Guidelines of Professional Conduct § 10.) Such conduct wastes the time of both opposing counsel and the Court.

IT IS SO ORDERED.

Dated: July 30, 2026

KANDIS A. WESTMORE
United States Magistrate Judge